**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JAMES TERRYL MARQUIS IRBY**                                                      **PETITIONER**

**versus**                                                    **CIVIL ACTION NO. 3:14-cv-283-HTW-LRA**

**W.O. "BILLY" SOLLIE, Sheriff of Lauderdale County**            **RESPONDENT**

**MEMORANDUM OPINION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Irby, filed this *pro se* Petition for Writ of Habeas Corpus under Title 28 U.S.C. § 2241. He is currently a pre-trial detainee incarcerated in the Lauderdale County Detention Facility ("LCDF"). On April 7, 2014, Irby filed a Response [3] to the Court's Order [2] for more information. Upon review of the pleadings and applicable case law, the Court finds as follows.

**I. Background**

Irby states that he was arrested by the City of Meridian Police Department on May 23, 2013, for the charges of aggravated assault and armed robbery. As grounds for relief, he claims that (1) his continued incarceration is illegal because he has not been indicted; and (2) that he is serving a punitive sentence because the "State of Mississippi refuses to take [him] to trial in a timely fashion." Pet. [1] at 7. Irby argues that his Due Process rights are being violated because "[t]he law states" that if you are not indicted within 270 days, a "habeas motion must be fil[]ed for proper release and dismissal of [the] case." *Id*. at 16. He also states that he has retained counsel representing him in the Lauderdale County Circuit Court and that he has "been through 5 indictments." *Id*.; Resp. [3] at 1. As relief, he is requesting an evidentiary hearing and then he states that he is "just asking for justice and for the State of Mississippi to abide by the law." Pet.

[1] at 15-16.

## II. Discussion

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to Title 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987). The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973). "[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. Furthermore, a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 483.

The United States Supreme Court has drawn a distinction between a pre-trial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense and "one who seeks only to enforce the state's obligation to bring him promptly to trial." *Id.* at 489 (citing *Smith v. Hooey,* 393 U.S. 374 (1969)). The Fifth Circuit has held that the distinction is based on the type of relief requested by the petitioner. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding

or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *Id.* "[A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type," and this "objective is normally not attainable through federal habeas corpus." *Id.*

To the extent Irby's claims can be construed as a request for dismissal of his state criminal charges, he is attempting to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 508-09. Thus, federal habeas relief is not available for these claims.

To the extent Irby's claims can be construed as a request to force the State of Mississippi to bring him to trial, he is required to exhaust his claims in state court prior to pursuing a federal habeas corpus petition. *Dickerson*, 816 F.2d at 228. The exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to satisfy the exhaustion requirement, Irby must present his claims to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999).

In the form Petition that Irby filed, under each ground for relief the inmate is asked, "[i]f you did not exhaust your state remedies on [this ground], explain why." Pet. [1] at 5, 7. In response, under Ground One, Irby states that his requests "to the LCDF authorities . . . has been willfully ignored in bad faith by LCDF." Pet. [1] at 5. As for Ground Two, Irby answers, "I have been wilfully denied access to the court to seek redress of grievance at the time of my arrest . . . continuing up to and past the date of my filing this writ of habeas corpus, furthermore my

requests have been ignored." *Id*. at 7. The Court's Order [2] for more information directed Irby to file a written response to:

> specifically state if he has filed any petitions, applications, or motions with respect to the grounds presented in this petition in any court, state or federal, and if so state: (a) the name of the court(s); (b) nature of the proceedings; (c) the grounds raised; (d) whether or not an evidentiary hearing was held; (e) the results; and (f) the date of the results.

Order [2] at 1. In his response to this portion of the Order, Irby states, "I have been ignored by the circu[i]t court." Resp. [3] at 1. He does not elaborate or provide any additional information about his purported attempts to present his claims to the state courts. In his Response [3], Irby also verifies that he has retained counsel representing him in the Lauderdale County Circuit Court. *Id*.

The State of Mississippi provides available remedies for a criminal defendant to assert that his constitutional right to a speedy trial has been violated. *See e.g., Reed v. State*, 31 So. 3d 48, 56-57 (Miss. Ct. App. 2009)(finding criminal defendant may assert a demand for a speedy trial in the trial court and then he is required to obtain a pretrial ruling on that motion). Irby's pleadings fail to demonstrate that he has completed the exhaustion of his state court remedies for the claims presented in this Petition. *See Dickerson*, 816 F.2d at 228 (finding inmate's numerous preindictment motions in the state court requesting that he be tried as soon as possible did not satisfy exhaustion of speedy trial issue for federal habeas petition). Therefore, to the extent Irby's claims can be construed as a request to force the State of Mississippi to bring him to trial, they are dismissed as unexhausted.[1]

---

[1] Irby does not claim, nor does the Court find, the presence of exceptional circumstances to excuse the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993)(holding exhaustion requirement may only be excused in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"); *see also Nelson v. State of Miss*., No. 95-60516, 1996 WL 46734, at *3

Finally, the Court notes that Irby states that he has been incarcerated without a "bond reduction." Pet. [1] at 16. To the extent he is requesting that this Court order the Lauderdale County Circuit Court to hold a bond reduction hearing, such relief is not available. As the Fifth Circuit has explained, "federal courts are not empowered to order the state courts to make remedies available nor are they authorized to dictate the type of hearing which is to be conducted by the state courts." *Dixon v. Beto*, 472 F.2d 598, 599 (5th Cir.1973); *see also, Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)(dismissing Petitioner's request for equitable relief based on excessive bail); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004)(vacated and remanded district court's conditional grant of habeas relief predicated upon state court holding a hearing or commuting sentence).

### III.  Conclusion

In sum, Petitioner Irby is (1) seeking relief not available via federal habeas corpus; or (2) he has not completed the exhaustion of his state court remedies prior to filing this Petition. Therefore, this *pro se* Petition for habeas corpus relief pursuant to § 2241 will be dismissed.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED this the 30th day of April, 2014.

    s/ HENRY T. WINGATE  
    UNITED STATES DISTRICT JUDGE

---

n.7 (Jan. 8, 1996)(noting that petitioner seeking to excuse exhaustion for excessive delay bears the burden of demonstrating the excessive delay and showing he has not contributed to the delay).